# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVE MONAGHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00346-MTS |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court has identified an issue with its subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). Defendant removed this action from the Circuit Court of St. Francois County, Missouri, claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Doc. [1] ¶ 3–7; *see also* 28 U.S.C. § 1441(a) (allowing removal of any civil action over which the district courts of the United States have original jurisdiction). In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff must be completely diverse from the Defendant in such a way that Plaintiff is a not a citizen of the same states as Defendant. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003). Defendant's allegations purporting to establish this Court's diversity jurisdiction are deficient in at least two respects.

*First*, Defendant's allegations concerning Plaintiff's citizenship—namely that "[u]pon information and belief, Plaintiff is a resident of the State of Missouri" and is therefore a Missouri citizen—are insufficient. Doc. [1] ¶ 3. Even assuming that jurisdictional allegations "on information and belief" could suffice, *see Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, 4:23-cv-1304, 2023 WL 6879663, at *2 n.1 (E.D. Mo. Oct. 18, 2023) ("It is insufficient for the purposes of establishing diversity jurisdiction to plead citizenship based solely 'on information and belief.'"), allegations that an individual is a "resident" of a particular state do not establish his or her citizenship for purposes of the Court's diversity jurisdiction. *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) (finding the allegation that a party was an Arkansas "resident" inadequate). The Court further observes that Plaintiff's Disclosure Statement, filed pursuant to the Federal Rules of Civil Procedure and the Eastern District of Missouri Local Rules, is of no help on this score. Doc. [11] (disclosing only that "Plaintiff is a resident of the State of Missouri"); *see* Fed. R. Civ. P. 7.1; E.D. Mo. L.R. 2.09. Even so, a fulsome disclosure statement would not relieve Defendant of its duty to sufficiently plead this Court's subject matter jurisdiction in its Notice of Removal. *Cf.* Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction.").

*Second*, a removing Defendant must sufficiently allege the parties' diverse citizenship "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777

(8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").  This requirement is not new.  *See Phoenix Ins. Co. v. Pechner*, 95 U.S. 183, 186 (1877) (finding removal improper where defendant alleged plaintiff's citizenship as of the date of removal without "stating affirmatively that such was his citizenship when the suit was commenced").  Here, while Defendant's Notice purports to allege the parties' diverse citizenship at the time of removal, there are no allegations concerning the parties' citizenship *when Plaintiff filed his action in State court*, which is an indispensable component of the Court's subject matter jurisdiction in this case.  *See Chavez-Lavagnino*, 714 F.3d at 1056.

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal, consistent with this Memorandum and Order, no later than **Thursday, May 22, 2025**.  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c).

Dated this 15th day of May 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE